The Attorney-General cited Hale's Pl. Cr., 507, 508, and Haw. P. C., 90, and he insisted that as the asportation into another county is in law a new taking in this latter county, so a taking out of this State, and an *Page 74 
asportation into it, is a new taking here, and so the prisoner is guilty of felony here. He cited a case which he had from the information of Mr. Avery, who was now present and affirmed it, that while he was Attorney-General, a man was tried at Hillsboro who had stolen a horse in the county of Mecklenburg, in Virginia, and brought it into this State; and this appearing upon evidence a doubt was conceived whether he was guilty of felony against the law of this State; but H. H. P. C. being cited and relied upon, the Court upon deliberation were of opinion it was felony punishable by the laws of this State, and the man was hanged.
If this man were tried and condemned here, or tried and acquitted here, would the sentence of this Court be pleadable in bar to an indictment preferred against him in the territory south of the Ohio? I think it would not; because the offense against the laws of this State and the offense against the laws of that country are distinct; and satisfaction made for the offense committed against this State is no satisfaction for the offense committed against the laws there. The consequences, then, of trying this man here and condemning him will be that if a man steals a horse in one part of the continent and goes with him to another, through several States, the culprit, according to the several laws of each State, being guilty of a taking in each, may be cropped in one, branded and whipped in another; imprisoned in a third, and hanged in a fourth; and all for one and the same offense. This is against natural justice, and therefore I cannot believe it to be law. When a man steals in this State, and carries the things stolen into another county, he is guilty of the same offense, and punishable in the same degree and by the same law in the latter as in the former county, and is punishable but once; if convicted or acquitted in the latter county, he may plead autre faits convict or acquit of the same felony before, when indicted in the former; which shows that the law considers the felony that was committed in the first, otherwise it could not be pleaded as the same in the case before mentioned. Now, if the felony in this State was the same felony that was committed in the territory south of the Ohio, then it is a felony against the laws of the territory, and punishable there by pillory, branding and whipping, and not by death. It would be strange, then, to say he should be punished here with death for an offense against the laws of another State which punishes only with infamy.
This is my opinion for the reason of the case as it now occurs to me, and I am confirmed in it by looking into Hawkins Pleas of the Crown, where after stating the same doctrine as it is stated in H. H. P. C., relative to the asportation being a new taking, he says: "But if a piracy be committed on the sea, and the goods be brought to land, the pirate *Page 75 
cannot be indicted as a felon, because the original felony was not within the cognizance of the common law. And why? Because not committed within the extent of those limits that are subject to the law of England." So here, this offense has not been committed within the territory subject to the laws of this State, and therefore the prisoner is not liable to be punished by these laws. I think we cannot pass judgment upon him, however worthy he may be of death.
I cannot remember the case cited by Mr. Avery, and I think (102) he must be mistaken.
Also, for another reason we cannot pass judgment against the prisoner. This special verdict states at first that the felony was originally committed in the territory south of the Ohio; then that the taking was continued into this State; but it does not state the felonious taking to be continued into this State; and therefore we cannot say that the taking spoken of by the jury was a felonious taking, and without a felonious taking the prisoner cannot be guilty of the crime laid in the indictment.